IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DUFFY B. MCCORMACK § | | |
| Plaintiff, § | Civil Action No. _____ | |
| § | | |
| VS. § | Original Complaint | |
| § | | |
| THE DUTRA GROUP, INC § | Jury Trial Demanded | |
| Defendant. § | | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW, DUFFY B. MCCORMACK, hereinafter referred to as 'Plaintiff', complaining of THE DUTRA GROUP, INC, hereinafter referred to as 'Defendant', and would respectfully show as follows:

### I.
### JURISDICTION

This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

### II.
### PARTIES

Plaintiff, DUFFY B. MCCORMACK, a person of majority age, is a resident of Ooltewah, Tennessee. Plaintiff is an American seaman, and he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

Defendant, THE DUTRA GROUP, INC, is a foreign corporation doing business in the Southern District of Texas. This Defendant may be served with due process herein by serving

1

its registered agent for the State of Texas, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III.
## VENUE

Venue is proper because Defendant does substantial business in the Southern District of Texas, and Defendant is registered with the Secretary of State for the State of Texas.

## IV.
## FACTS

Plaintiff, DUFFY B. MCCORMACK, would show that this lawsuit has become necessary as a result of personal injuries received on or about October 2, 2018. At all material times, Plaintiff was a Jones Act seaman employed by Defendant, THE DUTRA GROUP, INC. At all material times, Plaintiff was employed as an engineer in service of the M/V STUYVESANT, a hopper dredge, and Plaintiff was a member of said vessel's crew. At all material times, the M/V STUYVESANT was owned, operated and/or controlled by Defendant, THE DUTRA GROUP, INC, and said vessel was in navigable waters. On or about October 2, 2018, employees and/or agents of Defendant negligently caused Plaintiff to sustain injuries

At the time of the occurrence, Plaintiff, DUFFY B. MCCORMACK, was wearing his personal protection equipment and putting out plates on the deck of the vessel. He was walking through a narrow walkway on the deck when, suddenly and without warning, his life jacket became caught on the vessel's saddle or handrail, which forcefully twisted his body. Plaintiff struggled to release his body and fell onto the deck. As a result of Defendant's negligence, Plaintiff sustained serious and debilitating injuries to his left side, back, and upper and lower extremities, among other parts of his body.

## V.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE

On or about October 2, 2018, Defendant, THE DUTRA GROUP, INC, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for Defendant to provide to Plaintiff, and Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

1. In failing to provide a safe work environment;

2. In failing to provide safe and adequate walkways on the vessel's deck;

3. In failing to inspect and maintain the walking areas and other workspaces of the vessel in a safe working condition;

4. In failing to identify and mitigate hazards in the walkways of the vessel's deck, including protruding pieces of the vessel's equipment and gear;

5. In failing to provide Plaintiff with safe and adequate personal protection equipment and gear; and

6. Other acts of negligence as proven at time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, THE DUTRA GROUP, INC, is liable to Plaintiff in damages.

## VI.
## SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

At all times material hereto, Defendant, THE DUTRA GROUP, INC, owned, operated, and/or controlled the M/V STUYVESANT. At all relevant times, it was feasible for Defendant, THE DUTRA GROUP, INC, to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to

provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, THE DUTRA GROUP, INC, breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about October 2, 2018, Defendant, THE DUTRA GROUP, INC, was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

1. The vessel had an incompetent master and crew;

2. The vessel lacked safe and adequate walking areas on the deck;

3. The areas of the vessel that Plaintiff had to reach were not easily accessible; and,

4. Other unseaworthy conditions as proven at time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, THE DUTRA GROUP, INC, is liable to Plaintiff in damages.

## VII.
### THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the M/V STUYVESANT, Plaintiff has sought reasonable and necessary medical treatment, and he is entitled to maintenance at a rate of $50.00 per day. On or about October 2, 2018, and on other dates thereafter, and ever since, Defendant, THE DUTRA GROUP, INC, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, THE DUTRA GROUP, INC, as his employer, to furnish him with maintenance and cure and loss of wages. Defendant, THE DUTRA GROUP, INC, is aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the

service of M/V STUYVESANT, which treatment Plaintiff continues to need, wants, and intends to undergo and has also requested that said Defendant authorize and pay for his prescribed medical treatment.

Plaintiff further alleges that Defendant, THE DUTRA GROUP, INC, has unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of said Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, THE DUTRA GROUP, INC, is liable to Plaintiff:

1. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
2. Physical and emotional injury, pain and suffering;
3. Prolongation and or aggravation of injuries;

    4.       Indebtedness for health care expenses;

    5.       Indebtedness for daily living expenses;

    6.       Prejudgment interest; and,

    7.       Attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VIII.
## DAMAGES

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all injuries which have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, THE DUTRA GROUP, INC, is liable to Plaintiff:

1. Reasonable and necessary medical expenses in the past and in the future;

2. Physical pain and suffering in the past and in the future;

3. Mental anguish in the past and in the future;

4. Loss of earning capacity in the past and in the future;

5. Physical disfigurement in the past and in the future; and,

6. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## IX.
## JURY DEMAND

Plaintiff demands a trial by jury and tenders the appropriate fee.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DUFFY B. MCCORMACK, prays that Defendant, THE DUTRA GROUP, INC, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #:  8877
LAURA B. DE LA CRUZ
TBA # 24095300
FED I.D. #: 2850232
3200 Travis, 3rd Floor
Houston, Texas  77006
TEL:    (713) 524-3500
FAX:    (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com
ATTORNEYS FOR PLAINTIFF,
DUFFY B. MCCORMACK

PLAINTIFF DEMANDS A TRIAL BY JURY